UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF CONNECTICUT,<br><br>    Plaintiffs,<br><br>    v.<br><br>LEANSPA, LLC, a Connecticut<br>limited liability company,<br><br>NUTRASLIM, LLC, a Connecticut<br>limited liability company,<br><br>NUTRASLIM U.K. LTD, also d/b/a LEANSPA<br>U.K. LTD., an United Kingdom limited liability<br>company, and<br><br>BORIS MIZHEN, individually and as an officer<br>of LEANSPA, LLC, NUTRASLIM, LLC, and<br>NUTRASLIM U.K. LTD,<br><br>    Defendants. | **FILED UNDER SEAL**<br><br>Case No. _____<br><br>November 7, 2011 |

**PLAINTIFFS' *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER
WITH ASSET FREEZE, THE APPOINTMENT OF A RECEIVER, AND
OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiffs, the Federal Trade Commission and the State of Connecticut, through its Attorney General, move pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 42-110m of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110m, and Rule 65(b) of the Federal Rules of Civil Procedure, for an *ex parte* temporary restraining order ("TRO") with an asset freeze, appointment of a temporary receiver over the company defendants, and other equitable relief, and thereafter, after notice and a hearing, a preliminary injunction against defendants LeanSpa, LLC, Nutraslim, LLC, and Nutraslim U.K. Ltd., and Boris Mizhen (collectively "Defendants"). In support of this motion, Plaintiffs state as follows:

1. Plaintiffs bring this action to halt Defendants' ongoing internet marketing scheme that (a) deceptively markets trial offers of diet supplements and enrolls consumers into negative option continuity plans where consumers incur unauthorized recurring charges and cannot easily cancel and (b) misleads consumers into believing Defendants will provide full refunds upon request. Plaintiff Federal Trade Commission also alleges that Defendants make false and unsubstantiated claims that the use of Defendants' diet supplements cause rapid and substantial weight loss. Plaintiffs' Complaint charges Defendants with violating Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a), and CUTPA, Conn. Gen. Stat. § 42-110b(a).

2. Plaintiffs seek an *ex parte* TRO that is designed to preserve the status quo and prevent Defendants from causing additional consumer harm and from dissipating assets and destroying evidence in order to ensure the possibility of a final remedy pending a hearing on preliminary injunctive relief. Plaintiffs submit a proposed TRO which includes provisions that:

   (A) halts Defendants' deceptive marketing scheme by temporarily enjoining Defendants from: (1) marketing or selling a negative-option continuity plan (see Section I); from making certain misrepresentations and from causing unauthorized charges in the sale of any good or service (see Sections II and III); and from ceasing collection activity on customer accounts of the named company defendants (see Section IV);

   (B) temporarily enjoins Defendants from disposing or encumbering their assets and from destroying certain records (see Sections V and XXI), and temporarily restrains financial institutions and others from permitting Defendants to withdraw or encumber their assets and from granting Defendants access to places where assets may be held (see Section VII);

   (C) requires Defendant Mizhen to disclose certain financial information (see Section VI) and to notify Plaintiffs of business activities (see Section XXIV);

   (D) appoints a Temporary Receiver to govern the affairs of the company defendants ("Receivership Defendants"), provides for delivery of the receivership property to the Temporary Receiver, and sets for duties and authority of Temporary Receivership (see Sections X through XVIII);

   (E) provides for immediate access by Temporary Receiver and Plaintiffs to the Receivership Defendants' business premises and records, and permits Plaintiffs to take limited discovery for the purpose of discovering the nature, location, and status of Defendants' assets and records that reflect the Defendants' business transactions (see Sections XIX and XXIX); and

(F)     provides for a stay of actions to protect the proposed receivership estate during the pendency of the receivership, including currently pending actions against Defendants, *First Bank of Delaware v. LeanSpa, LLC et al.*, No:1:11-cv-0065-UNA (D. Del.); and *LeadClick Media, Inc. v. LeanSpa, LLC et al.*, 4:11-cv-044230DMR (N.D. Ca.) (see Section XXV).

3.     In support of its *ex parte* application for a TRO, Plaintiffs submit an accompanying Memorandum of Law in Support and an Appendix of exhibits. In addition, attached to this Motion as Exhibit A is the Certification of FTC Counsel Darren Lubetzky in accordance with Fed. R. Civ. P. 65(b).

4.     As explained more fully in the supporting memorandum, entry of the proposed TRO will facilitate full and effective relief by preserving the *status quo* pending a hearing on the order to show cause why a Preliminary Injunction should not issue. The TRO will also prevent further violations of the FTC Act, EFTA, and CUTPA while awaiting the Preliminary Injunction hearing. No security is required of any agency of the United States for issuance of a TRO. Fed. R. Civ. P. 65(c).

5.     *Ex parte* relief is warranted because Defendants will have a strong incentive to dissipate assets and destroy or conceal evidence once notified of this action, which charges them with engaging in widespread deceptive conduct and causing substantial consumer injury. It is likely that immediate and irreparable damage to this Court's ability to provide effective final relief for consumers will result if notice of this motion is provided to Defendants. Therefore, Plaintiffs request that this Court grant an *ex parte* TRO and waive any requirement of notice to the Defendants until after Defendants' assets have been frozen and they have been served with the requested TRO.

WHEREFORE, Plaintiffs respectfully request that this Court issue an *ex parte* TRO, substantially in the form of the proposed TRO filed concurrently with this motion, pending a hearing on the Plaintiffs' request for a preliminary injunction.

Respectfully submitted,

WILLIAM K. TOM
General Counsel

LEONARD L. GORDON
Regional Director
Northeast Region

Dated: November 7, 2011

Darren H. Lubetzky
David W. Dulabon
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2898
Fax: (212) 607-2822
Email: dlubetzky@ftc.gov
Email: ddulabon@ftc.gov

John Hughes (CT 05289)
Assistant United States Attorney
Chief of Civil Division
157 Church Street
New Haven, CT 06510
Tel: (203) 821-3700
Fax: (203) 773-5373
Email: john.hughes@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

GEORGE JEPSEN,
ATTORNEY GENERAL,

Dated: 11/4/11

_____
Phillip Rosario (CT 00999)
Matthew F. Fitzsimmons (CT26981)
Jonathan F. Blake (CT 22321)
Office of the Attorney General
110 Sherman Street
Hartford CT 06105
Tel: (860) 808-5400
Fax: (860) 808-5593
Email: Phillip.Rosario@ct.gov
Email: Matthew.Fitzsimmons@ct.gov
Email: Jonathan.Blake@ct.gov

Attorneys for Plaintiff
STATE OF CONNECTICUT