1                 UNITED STATES DISTRICT COURT.

2                    DISTRICT OF CONNECTICUT

3    _____

     FEDERAL TRADE COMMISSION,   )
4    ET AL                       )
                     Plaintiffs. )  NO: 3:11cv1715(JCH)
5                                )
     vs.                         )  October 15, 2012
6                                )  2:35 p.m.
     LEANSPA, LLC, ET AL         )
7                    Defendants. )
     _____
8                                    141 Church Street
                                     New Haven, Connecticut
9

10           TELEPHONIC STATUS CONFERENCE

11
     B E F O R E:
12               THE HONORABLE JANET C. HALL, U.S.D.J.

13   A P P E A R A N C E S:

14   FOR THE PLAINTIFF   :     DARREN H. LUBETZKY
     FEDERAL TRADE COMMISSION   SAVVAS S. DIACOSAVVAS
15                             DAVID DULABON
                               Federal Trade Commission
16                             Northeast Region
                               1 Bowling Green
17                             Suite 318
                               New York, NY 10004
18

19   FOR THE STATE OF CT       JONATHAN J. BLAKE
                               PHILIP ROSARIO
20                             MATTHEW FITZSIMMONS
                               Connecticut Office of the
21                             Attorney General
                               110 Sherman St.
22                             Hartford, CT 06105

23

24

25                   -- continued --

```
 1   FOR THE DEFENDANT
     LeanSpa, Et al          WILLIAM I. ROTHBARD
 2                           Law Offices of William I.
                             Rothbard
 3                           1217 Yale St., Suite 104
                             Santa Monica, CA 90404
 4
                             BRYAN CHARLES ALTMAN
 5                           MICHAEL T. SMITH
                             The Altman Law Group
 6                           6300 Wilshire Boulevard
                             Suite 980
 7                           Los Angeles, CA 90048

 8   LeadClick Media         WALTER P. LOUGHLIN
                             PAUL HANCOCK
 9                           ELISA D'AMICO
                             K&L Gates, LLP- Lex, NYC
10                           599 Lexington Avenue
                             New York, NY 10022
11
     Richard Chiang          GARRET RASMUSSEN
12                           Orrick, Herrington & Sutcliffe,
                             LLP - DC
13                           1152 15th St., NW
                             Washington, DC 20005
14
                             JAMES T. COWDERY
15                           Cowdery, Ecker & Murphy
                             280 Trumbull Street
16                           22nd Floor
                             Hartford, CT 06103
17
18   FOR THE RELIEF DEFENDANT :   DAVID N. WYNN
     ANGELINA STRANO              MARK ANGELOV
19                               Arent Fox LLP
                                 1675 Broadway
20                               31st Floor
                                 New York, NY 10019
21
22                               DAVID T. GRUDBERG
                                 Carmody & Torrance - New Haven
23                               195 Church St. 18th floor
                                 PO Box 1950
24                               New Haven, CT 06509-1950

25                          -- continued --
```

```
 1        THE RECEIVER:          MATTHEW K. BEATMAN .
                                 Zeisler & Zeisler, P.C.
 2                               558 Clinton Ave., PO Box 3186 .
                                 Bridgeport, CT 06605-0186 .
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          THE COURT:  This is Judge Hall speaking.  I gather

2    I have eleven lawyers on the line in the case of FTC, et al,

3    versus LeanSpa LLC, et al, 311CV1715:  If so, could I start

4    with the plaintiffs' counsel first.

5          MR. LUBETZKY:  Good afternoon, FTC Counsel Darren

6    Lubetzky, Savvas Diacosavvas and David Dulabon should be

7    joining us soon.

8          MR. BLAKE:  This is Jonathan Blake, Phil Rosario and

9    Matthew Fitzsimmons from the State of Connecticut.

10          THE COURT:  You are going to say that again because

11    your volume is too low.  I hope we can hear it now.

12          MR. BLAKE: This is Jonathan Blake, Phil Rosario and

13    Matthew Fitzsimmons from the Connecticut Attorney General's

14    Office.

15          THE COURT:  For defense.

16          MR. ROTHBARD:  Your Honor, William Rothbard for the

17    LeanSpa defendants, LeanSpa LLC, Nutraslim LLC, Nutraslim

18    U.K. and Boris Mizhen.  Along with the Bryan Altman and

19    perhaps Michael Smith and Joe Elkins.

20          THE COURT:  All right.  Other defendants?

21          MR. WYNN: This is David Wynn and Mark Angelo from

22    the law firm Arent Fox on behalf of relief defendant Angelina

23    Strano and I believe David Grudberg is also on the line.

24          MR. GRUDBERG:  I am.

25          MR. LOUGHLIN: This is Walter Loughlin.  Also on the

1    line is Paul Hancock and Elisa D'Amico for the LeadClick

2    Media defendants.

3         MR. COWDERY:  This is Jamie Cowdery on behalf of the

4    defendant Richard Chiang.  Also on the phone is lead counsel

5    Garret Rasmussen from the Orrick firm.

6         MR. BEATMAN:  Matthew Beatman on behalf of myself as

7    temporary receiver for the LeanSpa Nutraslim defendants.

8         THE COURT:  That's Matthew Beatman did I hear you

9    say?

10        MR. BEATMAN:  Yes, Judge.

11        THE COURT:  Is that everyone?

12        I'm gathering I have this case now because of some

13   recently appearing defendants' counsel.  Does anybody

14   understand why I have the case now?

15        MR. COWDERY: This is Jamie Cowdery.  Yes, your

16   Honor.  I think that's correct.

17        THE COURT:  And the recent amendments are for the

18   plaintiffs' claims of various newly named defendants whom the

19   plaintiffs' claim are in receipt or possession of assets

20   which they have a right to collect against underlying their

21   primary claim of liability against the lead defendant. Is

22   that fair, Attorney Lubetzky?

23        MR. LUBETZKY:  That's true, your Honor.  At least

24   with respect to one relief defendant, Angelina Strano.  The

25   other newly added defendants we think are active

1    participants, which are the LeadClick defendants and the

2    individual defendant Richard Chiang.

3         THE COURT:  There seems to be a long stream of

4    pending motions.  I think one of which was filed sometime

5    ago.

6         Your motion for preliminary relief by the FTC that's

7    against Defendant Chiang and Relief Defendant Strano.  That's

8    a recent filing, correct?

9         MR. LUBETZKY:  Yes, your Honor.

10        THE COURT:  Then there's a series of motions to

11   dismiss have been filed.  One of which I think is joined,

12   Defendant Strano's.  The other one is not joined.  Is that

13   correct?

14        MR. LOUGHLIN:  This is Walter Loughlin.  The

15   LeadClick defendants filed a motion to dismiss on September

16   28.  It is my understanding that opposition is due October 19

17   and a reply on October 29.  That's the motion that's a

18   straight matter of law motion, based on the Communications

19   Decency Act and the statutory immunity for a client such as

20   LeadClick, which is solely an Internet computer service

21   provider, not responsible for the content which is placed on

22   its service.

23        THE COURT:  That's fine.  I will take that up when

24   it is joined.  What I'm puzzled by are their motions for

25   extensions of time, for example, by Defendant Chiang to

1   respond to the amended complaint and yet there's a motion to

2   dismiss that's been filed.  Why do I need to extend the time

3   to respond to the complaint if you filed a motion to dismiss?

4        MR. COWDERY:  This is Jamie Cowdery on behalf of Mr.

5   Chiang.  We haven't, your Honor.

6        THE COURT:  The docket shows number 155 motion to

7   dismiss Counts 4, 13, 14 were filed by the Richard Chiang,

8   LeadClick Media and LeadClick Media LLC.  Is that a mistake?

9        MR. COWDERY: This is Jamie Cowdery.  I will take a

10  swing at it, your Honor.  The previous counsel had entered an

11  appearance on behalf of the LeadClick entity and on behalf

12  Richard Chiang in his capacity as an officer of or employee

13  of LeadClick, so that motion is really filed on behalf of the

14  LeadClick entity.

15       As far as Richard Chiang individually, in his

16  individual capacity, Mr. Rasmussen and I are representing him

17  in that capacity and not Mr. Loughlin or Mr. Hancock.

18       THE COURT:  Well, if I could ask the latter two

19  gentlemen or one of them to tell me why the motion 155 is

20  docketed on behalf of Richard Chiang.

21       MR. LOUGHLIN: I think we did that as a sort of

22  exercise in caution.  I think in the complaint itself

23  Mr. Chiang is listed both as an individual defendant and as a

24  defendant in his capacity as an officer, so I think we did

25  that just as a precaution.  Initially we did represent

1    Mr. Chiang, but since then, Mr. Cowdery and Mr. Rasmussen

2    have been substituted in, so they are really responsible

3    primarily for his defense.

4         THE COURT:  I guess it is a hypertechnical question,

5    but when I exercise the power of this court to either grant

6    or deny your motion to dismiss, is that going to affect

7    Mr. Chiang in your view?

8         MR. LOUGHLIN: In my view, it would only affect Mr.

9    Chiang in connection with an allegation in the complaint if

10   it was so construed that LeadClick had liability based solely

11   on his capacity as a former officer of LeadClick.

12        MR. RASMUSSEN:  Your Honor, this is Garret Rasmussen

13   along with the Jamie Cowdery.  We represent Richard Chiang.

14   We will be filing a response to the complaint.  We will be

15   submitting a motion to dismiss arguing that the complaint is

16   insufficient to make Mr. Chiang personally liable for the

17   conduct alleged in the complaint, even if the corporation

18   itself may be liable.

19        THE COURT:  I guess I will wait until I see the

20   motions because -- I guess I will wait until I see the

21   motions.  Right now the docket is rather confused because the

22   appearance for Mr. Chiang individually and as an officer,

23   shows you and Attorney Cowdery representing him as you so

24   represented to me.  However, the motion pending on his behalf

25   in one of his capacities, that is as an officer, filed by

1    other attorneys.

2          MR. RASMUSSEN:  I think probably best speaking for

3    Mr. Chiang personally, we be the only people representing Mr.

4    Chiang in any capacity.

5          THE COURT:  That's how it is on the docket in terms

6    of the appearances.  However, the motion was filed by other

7    counsel purporting to represent him.  That was my issue.

8          MR. LOUGHLIN:  This is Mr. Loughlin again.  That was

9    an exercise in excess caution.  When you turn your attention

10   to the motion that we filed on behalf of LeadClick and

11   Richard Chiang in his capacity as an officer, all of the

12   arguments in that motion are directed to LeadClick's

13   liability or lack of liability by virtue of the

14   Communications Decency Act statutory immunity.

15         MR. RASMUSSEN: Your Honor, perhaps the simplest way

16   to deal with this would be for Mr. Loughlin and Mr. Hancock

17   to file a motion to withdraw their motion to dismiss insofar

18   as it applies to Richard Chiang individually and then it

19   would be a motion on behalf of the LeadClick defendants.

20         THE COURT:  That would be great except that it is

21   not a motion on behalf of -- it isn't on behalf of Mr. Chiang

22   individually.  LeadClick's counsel hasn't indicated that's

23   what they were doing.  They indicated they filed it on behalf

24   of him as an officer.  It could be withdrawn as to Mr. Chiang

25   individually, but that's really not how the motion is

1   captured anyway.

2         MR. RASMUSSEN: That's a fair point.

3         THE COURT:  It is captioned to him as an officer of

4   LeadClick.  The problem is they don't have an appearance for

5   him in that capacity.  If anybody thinks they can clean that

6   up, that's fine.  Otherwise I will deal with it when I rule

7   on the motions to dismiss.

8         I would like to ask the FTC about their motion for a

9   preliminary injunction.  It appears as if you have consented

10  to a 30-day extension at least for Mr. Chiang to respond to

11  the motion for preliminary injunction.  You don't feel a need

12  to move forward any more quickly than that?

13        MR. LUBETZKY: We do feel there's an urgency for the

14  motion.  We have consented to the 30-day extension because we

15  have had some discussion with Mr. Chiang's counsel, and we

16  may be able to work out some type of stipulation, so the

17  consent -- the consent for the 30-day extension was to allow

18  us to pursue that dialogue.

19        THE COURT:  I see.  All right.  And then there's a

20  consent motion for Angelina Strano, also the 30 days to the

21  15th of November on the preliminary injunction response.  Is

22  that a similar situation or for other reasons that you

23  consented?

24        MR. LUBETZKY:  It was for other reasons, your Honor,

25  but we don't want to convey to the court that our consent to

1    the 30-day extension request does not indicate we had some

2    urgency with our P. I. motion.

3         THE COURT:  I'm glad to hear that, but the fact of

4    the matter is if they don't respond, I can't decide your

5    motion, so I'm clearly not going to be able to get to it

6    November 15.  I think reasonably I need to receive and absorb

7    and maybe even allow you to respond to their opposition, and

8    then are we going to need a hearing on this?  Assume there's

9    opposition by both of these people or one of them, will an

10   evidentiary hearing be needed?

11        MR. LUBETZKY:  I anticipate that -- first of all,

12   the P.I. motion is on behalf of the FTC and both plaintiffs.

13   I'm speaking for the FTC that I believe the court can

14   grant -- I believe that there's sufficient evidentiary

15   material based on the papers for the Court to grant our

16   request without the need for an evidentiary hearing, although

17   obviously that's in the Court's discretion.  We understand

18   that the 30-day request requires a resolution to be pushed

19   back, although as I tried to convey earlier, we think that --

20   we have had some preliminary discussions, and we think there

21   may be -- part of this may be stipulated.  That we may be

22   able to reach, may be able to achieve more efficient quicker

23   resolution of this.

24        MR. RASMUSSEN:  Your Honor, this is Garret Rasmussen

25   for Mr. Chiang.  I'm hopeful that we'll be able to reach a

1    stipulated preliminary injunction, but if we don't, Richard

2    Chiang would like to have a hearing, would like to appear in

3    person.  He would like to defend the allegations that the

4    eight million dollars of assets should be frozen.

5         THE COURT:  How about counsel for Strano?

6         MR. WYNN:  David Wynn.  We anticipate putting in

7    papers.  We are not at point where we would be able to say we

8    would not be able to resolve the issues on paper.  We would

9    obviously defer to the Court.  We think there's some

10   technical legal issues that may narrow the motion before the

11   Court.  They may or may not be a factual issue that the Court

12   needs.  We think that some large part of the motion should be

13   capable of being resolved on the legal standards.

14        THE COURT:  It is hard for me if I haven't seen the

15   opposition yet.  I haven't read more than to skim the

16   plaintiffs' motion.  It is hard for me.  I would like to set

17   a schedule to get to a hearing, if that's what's going to be

18   necessary to deal with the motion.  What I will do is direct

19   counsel on November 15 if, in fact, there's no agreement, an

20   opposition to the motion is filed, that counsel would

21   indicate in that opposition if they request a hearing, and if

22   they request a hearing, I would direct that they confer with

23   plaintiffs' counsel, and I suppose co-defense counsel if both

24   counsel are still involved in the picture.  And in that

25   opposition, indicate whether there's any agreement as to when

1    the hearing should be scheduled, how long the hearing will

2    take, and why it will take that long.  In other words, who is

3    calling what witnesses.  And when I receive that, I have had

4    an opportunity to read the law part of what you are arguing

5    about, I guess at that point, I can schedule a hearing.  Does

6    anybody have any problems with that suggestion or

7    disagreement or alternative suggestion?

8              MR. RASMUSSEN: On behalf of Mr. Chiang, I think

9    that's an excellent suggestion.  That's perfectly

10   appropriate.

11             MR. WYNN:  That's work for Ms. Strano as well.

12             THE COURT:  How about the plaintiff FTC?

13             MR. LUBETZKY:  Yes, your Honor, that works for us as

14   well.

15             THE COURT: How about the State?

16             MR. BLAKE: That works for us, too, your Honor.

17             THE COURT:  That's fine.  I will grant the consent

18   motions as Docket Number 169 and Docket Number 168, consent

19   motions for 30-day extensions of time to respond to the

20   motion for preliminary injunction.  The deadline will be

21   November 15.  They are granted.  I say in that response if it

22   is a response, I will expect a report on whether a hearing is

23   requested or not.  If a hearing is requested, some

24   information about the scheduling of it and the length of it

25   and what would happen at that hearing.  There's also pending

1    the motion by Mr. Chiang for the 30 days to respond to the

2    amended complaint.  That appears also to be on consent to

3    November 15, is that correct, from FTC and the State side?

4    That's by consent as well?

5              MR. LUBETZKY: That's correct, your Honor.

6              THE COURT:  The problem that that makes for me is I

7    now have one joined motion to dismiss, one not yet joined

8    motion to dismiss and one not yet filed motion to dismiss

9    which means if I wanted to be dutiful, I could take this case

10   up on three different occasions which would not be very

11   efficient.

12             The Court will grant the Motion 167 to extend the

13   time to respond to the amended complaint.

14             Is there anything else that counsel would like me to

15   address today while I have you on the phone?  Nothing.

16   That's an awful lot of silence there.  If there's nothing

17   else, hearing nothing else, I thank you all very much for

18   being available.  I guess I will await the filings on

19   November 15.  Thank you very much.

20             (Whereupon, the above telephonic status conference

21   adjourned at 2:52 p.m.)

22

23

24

25

1

2

3

4      COURT REPORTER'S TRANSCRIPT CERTIFICATE

5      I hereby certify that the within and foregoing is a true and

6      correct transcript taken from the proceedings in the

7      above-entitled matter.

8

9      /s/  Terri Fidanza

10     Terri Fidanza, RPR

11     Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25