UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | |
| STATE OF CONNECTICUT, | Case No. 3:11-CV-1715 (JCH) |
|     Plaintiffs, | The Honorable Janet C. Hall |
|     v. | |
| LEANSPA, LLC, a Connecticut limited liability company, | |
| NUTRASLIM, LLC, a Connecticut limited liability company, | |
| NUTRASLIM U.K. LTD, also d/b/a LEANSPA U.K. LTD., an United Kingdom limited liability company, | |
| BORIS MIZHEN, individually and as an officer of LEANSPA, LLC, NUTRASLIM, LLC, and NUTRASLIM U.K. LTD, | |
| LEADCLICK MEDIA, INC., a California corporation, and LEADCLICK MEDIA, LLC, as a successor limited liability company, and | |
| RICHARD CHIANG, individually and as an officer of LEADCLICK MEDIA, INC. | |
|     Defendants, and | |
| ANGELINA STRANO, and | |
| CORELOGIC, INC., a Delaware corporation, | |
|     Relief Defendants. | |

**STIPULATED ORDER WITH FINAL JUDGMENT, PERMANENT INJUNCTION, AND
MONETARY RELIEF AS TO DEFENDANT RICHARD CHIANG**

Page 1 of 21

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of Connecticut ("State"), through its Attorney General (collectively, the "Plaintiffs"), filed their Third Amended Complaint for Permanent Injunction and Other Equitable Relief (the "Third Amended Complaint") in this matter on August 28, 2013, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §53(b), and Section 42-110m of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110b, *et seq*. Through counsel, having filed a joint motion, the Plaintiffs and Defendant Richard Chiang ("Chiang") stipulate to the entry of this Order with Final Judgment, Permanent Injunction, and Monetary Relief as to Defendant Richard Chiang (the "Order") to resolve all matters in dispute in this action between them.

Plaintiffs and Defendant Chiang stipulate to entry of this Order as full settlement of all claims between Plaintiffs and Defendant Chiang.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Third Amended Complaint states claims upon which relief may be granted under Section 5 of the FTC Act, 15 U.S.C. §45, and CUTPA, Conn. Gen. Stat. §42-110(b).

3.      Defendant Chiang neither admits nor denies any of the allegations in the Third Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant Chiang admits the facts necessary to establish jurisdiction.

4.      Defendant Chiang waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. §2412, concerning the prosecution of this action through the date of this

Order.  Defendant Chiang agrees not to seek costs and attorney's fees incurred in this action from Plaintiffs.

5.     Defendant Chiang waives all rights to appeal or otherwise challenge or contest the validity of this Order.

6.     Entry of this Order is warranted under Federal Rule of Civil Procedure 54(b).

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1.     **"Acai Berry Product"** or **"Acai Berry Products"** mean any Dietary Supplement, Food, or Drug, sold alone or in combination with companion products, that is advertised, marketed, promoted, offered for sale, distributed, or sold with express or implied representations that the product contains acai berries or the extract thereof.

2.     **"Affiliate"** means any Person, including third-party marketers, who participates in an Affiliate Program.

3.     **"Affiliate Network"** means any Person who provides Defendant Chiang or any entity he controls with Affiliates for an Affiliate Program or whom Defendant Chiang or any entity he contols contracts with as an Affiliate to promote any good or service.

4.     **"Affiliate Program(s)"** means any arrangement under which Defendant Chiang or any entity he controls, pays, offers to pay, or provides or offers to provide any form of consideration to any third party, either directly or through an Affiliate Network, to (a) provide Defendant Chiang or any entity he controls with, or refer to him or any entity he controls, potential or actual customers; or (b) otherwise market, advertise, or offer for sale any product or service on behalf of Defendant Chiang or any entity he controls.

Page 3 of 21

5.      **"Clearly and Prominently"** shall mean: (a) in textual communications (e.g., printed publications or words displayed on the screen of a computer), the required disclosures are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts with the background on which they appear; (b) in communications disseminated orally or through audible means (e.g., radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them; (c) in communications disseminated through video means (e.g., television or streaming video), the required disclosures are in writing in a form consistent with subparagraph (a) of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them; (d) in communications made through interactive media, such as the Internet, online services, and software, the required disclosures are unavoidable and presented in a form consistent with subparagraph (a) of this definition, in addition to any audio or video presentation of them; and (e) in all instances, the required disclosures are presented in an understandable language and syntax, in the same language as the predominant language that is used in the communication, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

6.      **"Defendant"** means Richard Chiang.

7.      **"Device"** means an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is – (a) recognized in the official National Formulary, or the United States Pharmacopeia, or any supplement to them; (b) intended for use in the diagnosis of disease or

other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other

animals; or (c) intended to affect the structure or any function of the body of man and other

animals; and which does not achieve any of its principal intended purposes through chemical

action within or on the body of man or other animals and which is not dependent upon being

metabolized for the achievement of any of its principal intended purposes.

8.      **"Dietary Supplement"** means: (a) any product labeled as a dietary supplement or

otherwise represented as a dietary supplement; or (b) any pill, tablet, capsule, powder, softgel,

gelcap, liquid, or other similar form containing one or more ingredients that are a vitamin,

mineral, herb, or other botanical, amino acid, probiotic, or other dietary substance for use by

humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite,

constituent, extract, or combination of any ingredient described above that is intended to be

ingested, and is not represented to be used as a conventional Food or as a sole item of a meal or

the diet.

9.      **"Drug"** means: (a) articles recognized in the official United States

Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National

Formulary, or any supplement to any of them; (b) articles intended for use in the diagnosis, cure,

mitigation, treatment, or prevention of disease in man or other animals; (c) articles (other than

Food) intended to affect the structure or any function of the body of man or other animals; and

(d) articles intended for use as a component of any article specified in clause (a), (b), or (c); but

does not include Devices or their components, parts, or accessories.

10.     **"Endorsement"** means any advertising message (including verbal statements,

demonstrations, or depictions of the name, signature, likeness, or other identifying personal

Page 5 of 21

characteristics of an individual or the name or seal of an organization) that consumers are likely to believe reflects the opinions, beliefs, findings, or experience of a party other than the sponsoring advertiser.

11.     **"Food"** means: (a) articles used for food or drink for man or other animals; (b) chewing gum; and (c) articles used for components of any such article.

12.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

13.     **"Plaintiffs"** mean the Federal Trade Commission ("Commission" or "FTC") and the State of Connecticut ("State").

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Defendant Chiang, his officers, agents, servants, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby permanently restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, any material fact, expressly or by implication, including, but not limited to:

1.     That objective news reporters have performed independent tests demonstrating the effectiveness of any product or service, including, but not limited to, Acai Berry Products or any other Dietary Supplement, Food, Drug, or Device;

2.      That comments posted on websites express the views of independent consumers;

3.      That any website or other publication is an objective news report;

4.      That independent tests demonstrate the effectiveness of any product, service, or program featured in any website or other publication, including, but not limited to, Acai Berry Products or any other Dietary Supplement, Food, Drug, or Device;

5.      The total cost to purchase, receive, or use the product, service, or program;

6.      Any material restrictions, limitations, or conditions to purchase, receive, or use the product, service, or program;

7.      Any material aspect of the performance, efficacy, nature, or central characteristics of the product, service, or program; and

8.      Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the product, service, or program; and

B.      Failing to disclose, clearly and prominently:

1.      Any material connection, when one exists, between any user or endorser of any product, service, or program and Defendant or any other person manufacturing, advertising, labeling, promoting, offering for sale, selling or distributing such product, service, or program; and

2.      If applicable, that the content of any website or other publication has not been authored by an objective journalist but is in fact an advertisement placed for compensation.

## II. AFFILIATE NETWORK PROVISIONS

**IT IS FURTHER ORDERED** that Defendant Chiang, his officers, agents, servants, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, offering for sale, sale, or provision of any goods or services through an Affiliate Program, are permanently restrained and enjoined from failing to:

A.      Require each Affiliate and/or Affiliate Network used in any Affiliate Program to provide to Defendant Chiang, his officers, agents, servants, employees, and attorneys and all others in active concert or participation with any of them, the following identifying information:

1.      In the case of a natural person, the Affiliate's or Affiliate Network's first and last name, physical address, country, telephone number, email address, and complete bank account information as to where payments are to be made to that Person;

2.      In the case of a business entity that is a direct Affiliate with Defendant, the Affiliate's name and any and all names under which it does business, state of incorporation, registered agent, and the first and last name, physical address, country, telephone number, and email address for at least one natural person who owns, manages, or controls the Affiliate, and the complete bank account information as to where payments are to be made to the Affiliate;

3.      In the case of a business entity that is an Affiliate Network, the Affiliate Network's name and any and all names under which it does business, state of incorporation, registered agent, and the first and last name, physical address, country, telephone number, and email address for at least one natural person who owns, manages, or controls the Affiliate Network, and the complete bank account information as to where payments are to be made to the Affiliate Network; and

4.      If Defendant only has access to certain Affiliates through an Affiliate Network, then Defendant shall require each Affiliate Network to obtain and maintain from those Affiliates the identifying information set forth in Subsection A.1 and A.2 of this Section prior to the Affiliate's or Affiliate Network's participation in the Defendant's Affiliate Program.

B.      As a condition of doing business with any Affiliate or Affiliate Network or such Affiliate or Affiliate Network's acceptance into Defendant's Affiliate Program: (a) provide each such Affiliate or Affiliate Network a copy of this Order; (b) obtain from each such Affiliate or Affiliate Network a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order; and (c) clearly and conspicuously disclose in writing that engaging in acts or practices prohibited by this Order will result in immediate termination of any Affiliate or Affiliate Network and forfeiture of all monies owed to such Affiliate or Affiliate Network; *provided, however*, that if Defendant only has access to certain Affiliates through an Affiliate Network, then Defendant shall require that the Affiliate Network provide the information required by this Subsection to each of those Affiliates and retain proof of the same prior to any such Affiliate being used in Defendant's Affiliate Program; and if Defendant should acquire any entity that has an existing program of selling through affiliates, the entity must complete all steps in this Subsection prior to Defendant's acquisition of the entity.

C.      Require that each Affiliate or Affiliate Network, prior to the release of any marketing materials, including, but not limited to, websites, emails, and pop-ups used by any Affiliate or Affiliate Network to advertise, promote, market, offer for sale, or sell any goods or services through Defendant's Affiliate Program, provide Defendant with the following information: (a) copies of all material created by the Affiliate or Affiliate Network displayed or

contained within the marketing materials, including text, graphic, video, audio, and photographs; (b) the location of any online marketing materials, as denoted by a unique URL; (c) the URL of any hyperlink contained in the marketing materials; and (d) the range of dates that the marketing materials will run; *provided, however,* that if Defendant only has access to certain Affiliates through an Affiliate Network, then Defendant shall require that the Affiliate Network obtain and maintain the same information set forth above from each of those Affiliates who are part of Defendant's Affiliate Program prior to the release of any such marketing materials, and provide proof to Defendant of having obtained the same.

D.      Prior to the release of any marketing materials submitted to Defendant or Defendant's Affiliate Network pursuant to Section II.C above, review the marketing material for compliance with this Order.  If, after reviewing such marketing materials, Defendant determines that the materials comply with this Order, then Defendant shall provide to the Affiliate or Affiliate Network who submitted the material a written acknowledgment of approval of such material.  If, however, Defendant determines that such material does not comply with this Order, Defendant shall inform the Affiliate or Affiliate Network in writing that approval is denied and shall not pay any amounts to the Affiliate or the Affiliate Network for such marketing, including any payments for leads, "click-throughs," or sales resulting therefrom; *provided, however*, that if Defendant only has access to certain Affiliates through an Affiliate Network, then he shall require that the Affiliate Network comply with the procedures set forth in this Subsection as to those Affiliates.

E.      Promptly and completely investigate any complaints that Defendant receives through any source to determine whether any Affiliate or Affiliate Network is engaging in acts or

Page 10 of 21

practices prohibited by this Order, either directly or through any Affiliate that is part of Defendant's Affiliate Program.

F.      Upon determining that any Affiliate or Affiliate Network has engaged in, or is engaging in, acts or practices prohibited by this Order, either directly or through any Affiliate that is part of Defendant's Affiliate Program:

      1.      Immediately halt the processing of any payments or charges generated by the Affiliate or Affiliate Network;

      2.      Fully refund, or cause to be refunded, within five (5) business days, each consumer charged by Defendant whose sale originated from the Affiliate or Affiliate Network on or after the date the Affiliate or Affiliate Network engaged in acts or practices prohibited by this Order; and

      3.      Immediately terminate the Affiliate or Affiliate Network; *provided, however*, Defendant shall not be in violation of this subsection if Defendant fails to terminate an Affiliate Network in a case where Defendant only has access to an Affiliate who has engaged in acts or practices prohibited by this Order through an Affiliate Network and the Affiliate Network immediately terminates the Affiliate violating this Order.

## III.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of two hundred seventy thousand dollars ($270,000) is entered in favor of Plaintiffs against Defendant Chiang.

B.      Defendant Chiang is ordered to pay Plaintiffs two hundred seventy thousand dollars ($270,000), which, as Defendant stipulates, his undersigned counsel holds in escrow for no other purpose than payment to Plaintiffs.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.      Defendant Chiang relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D.      The facts alleged in the Third Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission or State, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E.      The facts alleged in the Third Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.     Defendant Chiang acknowledges that his Social Security Number, which Defendant previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G.     All money paid to Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for any lawful purpose.  Plaintiffs shall retain authority and sole discretion over the division among Plaintiffs of any money not used for equitable relief or any attendant expenses for the administration of any redress fund. Any money paid to the Commission not used for equitable relief shall be deposited into the U.S. Treasury.  Any money paid to the State not used for equitable relief may be used by the State to the full extent authorized by the State's laws, including, but not limited to, as payment for the State's costs of investigating and litigating the instant case.  Defendant has no right to challenge any actions Plaintiffs or their representatives may take pursuant to this Subsection.

H.     The Asset Freeze contained in the Stipulated Preliminary Injunction Order as to Defendant Richard Chiang, entered by the Court on January 16, 2013 [Dkt. No. 195], is modified to permit the payment in Section III.A and III.B above.  Upon completion of that payment, the asset freeze is dissolved.

## IV.

## COOPERATION

**IT IS FURTHER ORDERED** that Defendant Chiang must fully cooperate with representatives of Plaintiffs in this case and in any investigation related to or associated with the transactions or occurrences that are the subject of the Third Amended Complaint.  Defendant must provide truthful and complete information, evidence, and testimony.  Defendant must

appear for interviews, discovery, hearings, trials, and any other proceedings that Plaintiffs may

reasonably request upon 5 days written notice, or other reasonable notice, at such places and

times as Plaintiffs' representatives may designate, without the service of a subpoena.

## V.

### ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Chiang obtain acknowledgments of

receipt of this Order:

A.      Within 7 days of entry of this Order, Defendant must submit to Plaintiffs an

acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, Defendant, for any business that he,

individually or collectively with any other defendant in this matter, is the majority owner or

controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers,

directors, and LLC managers and members; (2) all employees, agents, and representatives who

participate in conduct related to the subject matter of the Order; and (3) any business entity

resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current personnel.  For all others,

delivery must occur before they assume their responsibilities.  In any other business, such as one

in which Defendant is an employee without any ownership or control, Defendant must deliver a

copy of this Order to all principals and managers of the business before participating in conduct

related to the subject matter of this Order.

C.      From each individual or entity to which Defendant delivered a copy of this Order,

Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this

Order.

## VI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Chiang make timely submissions to the Plaintiffs:

A.     One year after entry of this Order, Defendant Chiang must submit a compliance report, sworn under penalty of perjury:

1.     Defendant Chiang must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with Defendant Chiang; (b) identify all of Defendant Chiang's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant in this matter (which Defendant Chiang must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Defendant Chiang is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

2.     Additionally, Defendant Chiang must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant Chiang performs services whether as an employee or otherwise and any entity in which Defendant Chiang has any ownership interest; and (c) describe in detail Defendant Chiang's involvement in each such

business, including title, role, responsibilities, participation, authority, control, and ownership.

B.      For 10 years after entry of this Order, Defendant Chiang must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Defendant Chiang must report any change in: (a) any designated point of contact or (b) the structure of any entity that Defendant Chiang has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of this entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Defendant Chiang must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant Chiang performs services whether as an employee or otherwise and any entity in which Defendant Chiang has any ownership interest, and identify the name, physical address, and an Internet address of the business entity.

C.      Defendant Chiang must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Any submission to the State required by this Order to be sworn under penalty of perjury must be true and accurate and notarized.

F.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEBrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, D.C. 20580.  The subject line must begin: *FTC, et al. v. Richard Chiang, et al.* (X120003).

G.      Unless otherwise directed by an Office of Attorney General representative in writing, all submissions to the State pursuant to this Order must be emailed to attorney.general@ct.gov or sent by overnight courier (not the U.S. Postal Service) to: Attorney General, State of Connecticut, 55 Elm St., Hartford, CT 06106.  The subject line must begin: *FTC, et al. v. Richard Chiang, et al.* (X120003).

## VII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Chiang must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant Chiang, for any business that he, individually or collectively with any other Defendant in this matter, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personal records showing, for each person providing services, whether as an

employee or otherwise, that person's: name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

      C.     consumer complaints concerning the subject matter of the Order;

      D.     all records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to Plaintiffs; and

      E.     a copy of each unique advertisement or other marketing material.

## VIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Chiang's

compliance with this Order, including any failure to transfer any assets as required by this Order:

      A.     Within 14 days of receipt of a written request from a representative of either the

Commission or the State, Defendant Chiang must: submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions;

and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain

discovery, without further leave of court, using any of the procedures prescribed by Federal

Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.     For matters concerning this Order, Plaintiffs are authorized to communicate

directly with Defendant Chiang.  Defendant Chiang must permit representatives of the Plaintiffs

to interview any employee or other person affiliated with Defendant Chiang who has agreed to

such an interview.  The person interviewed may have counsel present.

      C.     Plaintiffs may use all other lawful means, including posing, through their

representatives as consumers, suppliers, or other individuals or entities, to Defendant Chiang or

any individual or entity affiliated with him, without the necessity of identification or prior notice.

Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to

Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

## X.

## ENTRY OF THIS ORDER

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 54(b),

there is no just reason for delay, and the Clerk immediately shall enter this Order.


**SO ORDERED this 28th day of February, 2014.**



/s/ Janet C. Hall
Honorable Janet C. Hall
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

Date: 2/21/14

Darren H. Lubetzky (phv04227)
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2829
Fax: (212) 607-2822
ddulabon@ftc.gov

**FOR PLAINTIFF STATE OF CONNECTICUT:**

Date: _____

Phillip Rosario (CT 00999)
Office of Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5400
Fax: (860) 808-5593
Phillip.Rosario@ct.gov

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

_____  Date: _____

Darren H. Lubetzky (phv04227)
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2829
Fax: (212) 607-2822
ddulabon@ftc.gov

**FOR PLAINTIFF STATE OF CONNECTICUT:**

_____  Date: _____2/21/14_____

Phillip Rosario (CT 00999)
Office of Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5400
Fax: (860) 808-5593
Phillip.Rosario@ct.gov

FOR DEFENDANT RICHARD CHIANG:

Richard Chiang

Date: Jan 6, 2014

Garret G. Rasmussen
Orrick, Herrington & Sutcliffe, LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: (202) 339-8400
Fax: (202) 339-8500
grasmussen@orrick.com
Attorney for Stipulating Defendant,
Richard Chiang

Date: Jan 7, 2014